This cause came on to be heard upon the petition of the relator to oust Michael Toth and others as officers of St. Stephen’s Roman Catholic Hungarian Young Men and Women’s Sick Benefit Society of Cleveland, and to adjudge John Weiser and others legal officers and entitled to enjoy all the franchises of said offices, the joint answer of the respondents, Toth and others, the reply of the relator thereto, the findings of fact and conclusions of law of Stanley L. Orr, as referee appointed by this court, and the exceptions thereto.
 

 The issue involves the method of election of officers of the society and corporation. If the by-laws provide for the election of supreme officers by a vote of the entire membership of the society at its annual meeting, then the relator should prevail; however, if the existing by-laws of the society provide for the election of supreme officers in a convention of delegates chosen by various branches of the society, then the respondents should prevail.
 

 The referee found the method of conducting the vote in the various branches at different times and different places is contrary to the statutes of Ohio with reference to the amendment of the by-laws of corpora
 
 *199
 
 tions, that the so-called delegate system was never legally adopted by the said St. Stephen’s Society aforenamed, and, therefore, that the respondents have no title to the offices which they claim, as they admit that they claim office solely by virtue of having been elected by delegates.
 

 Upon consideration whereof, this court finds that the exceptions are not well taken and orders that the findings of fact and conclusions of law of the referee be, and they hereby are, confirmed, and it is therefore ordered and adjudged that the respondents are not the duly elected, qualified and acting officers of said society and corporation; that respondents have illegally assumed and usurped said offices of said society and corporation to the exclusion of the officers duly elected, and respondents should be ousted from said offices and excluded from the performance of the duties thereof; that John "Weiser and others, on whose relation relator prosecuted this proceeding, are adjudged the legal officers and entitled to enjoy all the franchises of said offices; that respondents be enjoined from acting or attempting to act or usurp any of the supreme offices of said corporation, and that respondents surrender and turn over to said John Weiser and others on whose relation this, proceeding is prosecuted, all money, property or chattels in the possession or control of the respondents belonging to said corporation, and account for all money and property which came into respondents’ possession while usurping said supreme offices.
 

 Judgment of ouster.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.